**Zhuohong MEI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS Respondent.**

No. 02–4309.

United States Court of Appeals, Second Circuit.

June 7, 2004.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review be and it hereby is DENIED.

Henry Zhang, Zhang and Associates, P.C., New York, NY, for Petitioner.

Patricia L. Buchanan, Assistant United States Attorney, for David N. Kelly, United States Attorney for the Southern District of New York (Kathy S. Marks, Assistant United States Attorney on the brief), for Respondent.

PRESENT: CALABRESI, WESLEY, Circuit Judges, and SCULLIN, District Judge.*

SUMMARY ORDER

Petitioner Zhuohong Mei appeals from the order of the Board of Immigration Appeals ("BIA") denying his applications for various forms of relief, including asylum and withholding of removal, and ordering Mei removed from the United States.[1] In his petition, Mei asserts that the BIA erred in affirming without opinion the Immigration Judge's ("IJ") determination that he did not offer credible testimony or persuasive documentary evidence in

---

* The Honorable Frederick J. Scullin, Jr., Chief Judge of the United States District Court for the Northern District of New York, sitting by designation.

1. Mei does not challenge the determination of the IJ, affirmed by the BIA, that he was ineligible for voluntary departure.

support of his asylum and withholding of removal claims. He further contends that the IJ erred in finding that Mei's asylum application could be denied as a matter of discretion.

The petitioner, a native of the People's Republic of China, applied for asylum on the ground that he suffered past persecution and has a well-founded fear of future persecution because the Chinese Government forcibly sterilized his wife in 1998, some nine years after he had fled China. This action, he contends, was taken as part of a government campaign to impose "stricter curbs" on population growth. The IJ rejected his asylum and withholding of removal claims on the grounds that his testimony lacked credibility, and that his documentary evidence was insufficient to meet his burden of demonstrating eligibility for asylum.

Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). In so doing, we defer to the IJ's findings of fact if they are supported by substantial evidence. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (per curiam). We reverse only if "no reasonable factfinder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). Because we afford "particular deference" to the IJ's credibility determinations, *see Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997), the scope of our review is "exceedingly narrow," *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999) (internal quotation marks omitted).

The IJ found, among other things, (a) that Mei's account of his wife's sterilization was "inherently improbable," *Qiu v. Ash-croft*, 329 F.3d 140, 152 n. 6 (2d Cir.2003) (internal quotation marks omitted), given that it allegedly occurred nine years after he had left the country and that the government was aware of his departure; (b) that this account was inconsistent, given his statement that the government had previously "waive[d]" sterilization; (c) that this inconsistency was insufficiently explained by Mei's assertion that the Chinese government was tightening its population control policy; (d) that Mei gave conflicting explanations for why his wife did not submit a corroborating statement; and (e) that the story of his departure from China and of his stay in Panama were inconsistent and improbable. Upon review of the record, we find that there is substantial evidence to support the IJ's determination. We further find that his decision to give limited weight to the corroborating documents submitted by Mei is warranted by the record.

We have considered all of Mei's arguments and find them to be without merit. Because we affirm the IJ's ruling that Mei is ineligible for asylum and withholding, we need not determine whether this is an appropriate case for a discretionary denial of asylum.

For the reasons set forth above, the petition for review is DENIED.